# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

REGINA FAYE ANDERSON                                                    PLAINTIFF

v.                              5:17-CV-00005-KGB-JJV

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Regina Anderson, has appealed the final decision of the Commissioner[1] of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

---

[1]Nancy Berryhill was sworn in as Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn Colvin. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

*also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

After a decision by an Administrative Law Judge[2] (ALJ), dated November 1, 2013 (Tr. 128-136), the Appeals Council remanded Ms. Anderson's case for further proceedings. (Tr. 142-143.) Therefore, a second hearing was conducted. At the second hearing, Plaintiff testified she was forty-seven years old and went to the twelfth grade in school. (Tr. 36.)

The ALJ determined, "At age 47, [Ms. Anderson] has less than $55,000 in lifetime earnings and has no substantial gainful activity [and] no past relevant work." (Tr. 13.) The ALJ also

---

[2]Both ALJs followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

determined Ms. Anderson had not engaged in substantial gainful activity since August 9, 2012 – the alleged onset date. (*Id*.) The ALJ found Ms. Anderson has "severe" impairments in the form of "chronic obstructive pulmonary disease (COPD), diabetes mellitus, history of left shoulder rotator cuff repair, mild radiculopathy, obesity, and moderate peripheral arterial disease in the lower extremities with phlebitis." (*Id.*) The ALJ further found Ms. Anderson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[3] (Tr. 15-16.)

The ALJ assessed Ms. Anderson has the residual functional capacity to perform a reduced range of medium work. (Tr. 16.) Given the fact that Ms. Anderson had no past relevant work, he employed the services of a vocational expert to determine whether jobs existed that Ms. Anderson could perform despite her impairments. (Tr. 62-65.) The ALJ determined that Plaintiff was capable of performing the jobs of laundry worker and cashier. (Tr. 20.) Accordingly, the ALJ determined Ms. Anderson was not disabled. (Tr. 21.)

Plaintiff argues the ALJ erred by concluding she maintained the residual functional capacity to perform medium work. (Doc. No. 8 at 8-9.) I have carefully considered Plaintiff's argument and find the record provides sufficient evidence to support the ALJ's findings. Plaintiff's most notable impairment is her peripheral arterial disease. Plaintiff has provided somewhat persuasive evidence in the form of a medical source statement completed by her treating doctor, Robert Scott, M.D. (Tr. 490-491.) Dr. Scott stated that, at the workplace, Ms. Anderson would be required to often miss work and would have to elevate her feet, change positions frequently, be given frequent rest periods, and have the opportunity to "shift, at will from sitting

---

[3]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

or standing/walking." (Tr. 490.) The ALJ gave little weight to Dr. Scott's opinion, saying, "This opinion is not supported by the record. The record fails to show that the claimant has edema in her extremities that would require her to elevate her legs. . . The record is void of the types of objective, disabling findings one would expect for a person with the restrictions noted by Dr. Scott." (Tr. 19.)

Plaintiff correctly argues her treating doctor should generally be given deference. (Doc. No. 8 at 6-8.) But after a close review of the record, I find the ALJ could properly discount Dr. Scott's opinions.

> The United States Court of Appeals for the Eighth Circuit has reiterated:
>
> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount Dr. Scott's conclusions. While Dr. Scott reports that Ms. Anderson is greatly limited, as the Commissioner points out in her brief, the medical evidence of record simply fails to support his assessment. (Doc. No. 9 at 8-9.) Dr. Scott's treatment records report Plaintiff had little issue with edema in late 2012. In early 2013 complaints of "Pain and swelling" were assessed through a Venous Doppler Examination with results showing, "No evidence of deep venous thrombosis. Evidence of areas of thrombophlebitis in the medial aspect of the lower leg and left foot." (Tr. 541.) More significantly, treatment

4

notes around the same time when Dr. Scott provided his medical source statement fail to show the extreme limitations reported. (Tr. 609-618.) So the ALJ could properly discount Dr. Scott's opinions in this regard.

Plaintiff's arguments are largely based on her subjective complaints. (Doc. No. 8 at 6-8.) But given the lack of objective medical evidence in support of Plaintiff's allegations, the conservative treatment prescribed, and the lack of lasting restrictions placed on Plaintiff by her physicians, the ALJ could correctly discount her subjective complaints. *See Thomas v. Sullivan*, 928 F.2d 255, 259-60 (8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989). The inconsistencies between the medical evidence and the Plaintiff's subjective complaints gave reason to discount those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989). The ALJ stated, ". . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 19.) In coming to this conclusion, the ALJ made specific findings explaining his conclusions regarding Plaintiff's subjective complaints. (Tr. 16-19); *See Baker v. Secretary of Health and Human Services*, 955 F.2d 552, 555 (8th Cir. 1992). This Court should not disturb the decision of any ALJ who seriously considers, but for good reasons, explicitly discredits a claimant's testimony of disabling symptoms. *See Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993).

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

I am sympathetic to Ms. Anderson's claims. But the overall medical evidence provides substantial support for the ALJ's determination that she could perform work at the medium exertional level.

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 12th day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE